IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY CAVALIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 20-cv-03883 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| SPEEDWAY, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On June 2, 2019, Plaintiff Jeffrey Cavalier entered a Speedway gas station operated by Defendant Speedway, LLC and ordered a sandwich from the store's café. Cavalier claims that while he was standing in line to pay, he saw the employee preparing his sandwich, Defendant Erik Bohler, spit in his order. According to Cavalier, Bohler did so because Cavalier is an African American. Therefore, Cavalier has brought the present action alleging that Speedway and Bohler discriminatorily prevented him from forming a contractual relationship in violation of 42 U.S.C. § 1981 and discriminated against him in a place of public accommodation in violation of 42 U.S.C. § 2000a. (Third Am. Compl., Dkt. No. 24.) Cavalier also asserts Illinois state-law claims, including for breach of implied and express warranties. Now before the Court is Defendants' motion for partial summary judgment on the § 1981 and warranty claims. (Dkt. No. 33.) For the reasons that follow, Defendants' motion is granted.

### BACKGROUND

**I.   Local Rule 56.1**

Before summarizing the material facts, the Court first addresses Defendants' contention that Cavalier did not comply with the Northern District of Illinois's Local Rule 56.1. Local Rule

56.1 requires the party moving for summary judgment to submit a statement of material facts that it contends entitle it to summary judgment. L.R. 56.1(a)(2). The statement of material facts must consist of "concise numbered paragraphs" and "[e]ach asserted fact must be supported by citation to the specific evidentiary material, including the specific page number that supports it." L.R. 56.1(d)(1), (d)(2). "The court may disregard any asserted fact that is not supported with such a citation." L.R. 56.1(d)(2).

The party opposing summary judgment must then file a response to the statement of material facts. L.R. 56.1(b)(2). The response must consist of numbered paragraphs that correspond to the numbered paragraphs in the statement of material facts and set forth the asserted fact and the opposing party's response to that fact. L.R. 56.1(e)(1). "Each response must admit the asserted fact, dispute the asserted fact, or admit in part and dispute in part the asserted fact." L.R. 56.1(e)(2). Any dispute of an asserted fact must be supported by a citation to "specific evidentiary material that controverts the fact" and a concise explanation of how the cited material controverts the asserted fact. L.R. 56.1(e)(3). "Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material." *Id.*

To the extent the opposing party wishes to present any additional facts, it may do so by submitting a separate statement of additional facts that complies with Local Rule 56.1(d), which governs the moving party's statement of material facts. L.R. 56.1(b)(3). Then, the moving party must submit a response to those additional facts subject to the requirements for the opposing party's response to the statement of material facts set forth by Local Rule 56.1(e). L.R. 56.1(c)(2). Finally, a party's summary judgment brief must cite to specific paragraphs in the Local Rule 56.1 statements or responses. L.R. 56.1(g). Thus, Local Rule 56.1 is violated where a party's brief cites

directly to the record. *Mervyn v. Nelson Westerberg, Inc.*, 76 F. Supp. 3d 715, 719 (N.D. Ill. 2014).

The Seventh Circuit has "repeatedly held that the district court is within its discretion to strictly enforce compliance with its local rules regarding summary-judgment motions." *Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009). "This is because 'compliance with local rules like Rule 56.1 ensures the facts material to the issues in the case and the evidence supporting such facts are clearly organized and presented for the court's summary judgment determination.'" *Rivera v. Guevara*, 319 F. Supp. 3d 1004, 1017 (N.D. Ill. 2018) (quoting *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015)). A district court is therefore entitled to "limit its analysis of the facts on summary judgment to evidence that is properly identified and supported in the parties' statements." *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000).

Here, Defendants correctly assert that Cavalier does not fully comply with the requirements of Local Rule 56.1. Specifically, Cavalier's response to Defendants' statement of material facts fails to cite controverting evidence for those factual assertions he disputes. In addition, Cavalier's brief in opposition to Defendants' motion for summary judgment sometimes cites directly to the record. The primary material factual dispute in this matter involves whether Cavalier ever paid for the sandwich before he saw Defendant Bohler spit in it. In their statement of material facts, Defendants assert that Cavalier was still in line to pay for the sandwich when he saw Bohler spit in it and then left the line to confront Bohler before paying. (Pl.'s Resp. to Defs.' Statement of Facts ("PRDSF") ¶¶ 15, 17–18, Dkt. No. 42-1.) In his response to Defendants' statement of material facts, Cavalier denies that he never paid for the sandwich and instead claims that he "had either simultaneously or already made payment to the cashier." (*Id.* ¶ 15; *see also id.*

¶¶ 17–18.) Although Cavalier provides no evidentiary support in his response to Defendants' statement of material facts, Cavalier's brief attempts to demonstrate a dispute as to this fact by citing directly to his own declaration that he prepared in connection with his opposition to summary judgment. In his declaration, Cavalier claims that he "tendered payment for [his] items and turned around while standing in that line and saw Defendant Bohler lean over and spit in [his] sandwich." (Pl.'s Resp. to Defs.' Mot. for Partial Summ. J., Ex. C ¶ 9, Dkt. No. 42-3.)

The Court could excuse Cavalier's Local Rule 56.1 violations and treat that declaration as supplying the requisite evidentiary support as to the matter's central material factual dispute. However, the Court declines to do so here because Cavalier's declaration is inconsistent with his own prior sworn testimony—the primary evidence relied upon by Defendants.[1] In particular, Cavalier was asked during his prior sworn testimony whether he "went and paid for everything," and Cavalier responded that he "was still in line to pay for the sandwich" when he turned around and saw what he believed to be Bohler spitting in his sandwich. (Defs.' Mem. in Supp. of Mot. for Partial Summ. J., Ex. B at 5:3–10, 6:19–7:21.) On cross-examination, Cavalier was presented with surveillance camera footage from the Speedway store and asked specific questions about the relevant sequence of events, ultimately confirming that at the time he went to confront Bohler, the cashier was still dealing with the customer ahead of Cavalier in line. (*Id.* at 17:18–21:13.)

While the Seventh Circuit generally allows "unsubstantiated, self-serving affidavits [to] be used to defeat a motion for summary judgment," it does "not allow litigants to manufacture material fact questions by affidavit testimony that contradicts prior sworn testimony." *United States v. Funds in the Amount of $100,120*, 730 F.3d 711, 718 (7th Cir. 2013). To dispel any

---

[1] The events underlying this action resulted in Bohler being issued a disorderly conduct citation and Cavalier testified under oath at a subsequent hearing on the citation. (Pl.'s Resp. to Defs.' Statement of Facts ¶¶ 31–32, 35–36, Dkt. No. 42-1.) Cavalier's testimony is the primary evidence Defendants rely upon in moving for partial summary judgment.

4

doubt as to whether Cavalier had paid before confronting Bohler, the Court asked Defendants to submit the surveillance footage for its *in camera* review, without objection from either side. (Dkt. No. 47.) Based on its review, the Court concludes that no reasonable jury could find that Cavalier had paid before leaving the cashier's line. *See Scott v. Harris*, 550 U.S. 372, 380–81 (2007) (holding that where videotape evidence blatantly contradicts an opposing party's version of the facts, a court should view the facts in the light depicted by the video for purposes of ruling on a motion for summary judgment). Consequently, the Court disregards Cavalier's statements in his declaration claiming that he had paid for the sandwich before seeing Bohler spit in it..

## II. Factual Background

Subject to the above Local Rule 56.1 rulings, the following facts are undisputed.

Jeffrey Cavalier is an African-American man who works as a truck driver. (PRDSF ¶ 1; Third Am. Compl. ¶ 6.[2]) On June 1, 2019, Cavalier was carrying out a delivery assignment when he visited the café of a West Chicago Speedway gas station located at 1501 West Roosevelt Road and purchased a sandwich and coffee. (*Id.* ¶¶ 3–5.) Cavalier spent the night of June 1 in that Speedway's parking lot. (*Id.* ¶ 6.)

On the morning of June 2, 2019, Cavalier returned to the Speedway café to again get coffee and a sandwich. (*Id.*) Upon entering the Speedway, Cavalier placed his sandwich order at a touchscreen kiosk, prepared a cup of coffee at the self-service coffee counter, and then got in line to pay. (*Id.* ¶¶ 8, 12–13.) Meanwhile, Defendant Erik Bohler, the café's manager, began preparing Cavalier's sandwich at the food preparation counter. (*Id.* ¶¶ 9, 15.) While Cavalier was in line, he turned his head in the direction of the food preparation counter and observed Bohler spit in his sandwich. (*Id.* ¶¶ 15–16.)

---

[2] While there is no evidence in the record regarding Cavalier's race, he alleges in the operative complaint that he is African American and Defendants do not contend otherwise.

Although he had not yet paid, Cavalier left the line for the cashier, approached Bohler, and asked Bohler if he had just spit in Cavalier's sandwich. (*Id.* ¶¶ 17–19.) Cavalier then pointed to Bohler and said "you spit in my sandwich. I know it, I saw it. I just saw you spit in my sandwich." (*Id.* ¶ 20.) Bohler denied the accusation but offered to make Cavalier a new sandwich free of charge. (*Id.* ¶¶ 21–23.) Cavalier rejected Bohler's offer of a free sandwich. (*Id.* ¶ 24.) Instead, he turned toward the cashier and demanded that she call the police. (*Id.* ¶ 25.) When the cashier asked Cavalier what was wrong, Cavalier told her that "your cook just spit in my sandwich that he was fixing for me." (*Id.* ¶¶ 27–28.)

After the cashier called the police, West Chicago police officers came to the Speedway and interviewed Cavalier and Bohler. (*Id.* ¶ 29.) Ultimately, the police issued a disorderly conduct citation to Bohler. (*Id.* ¶ 31.) A hearing on the disorderly conduct citation was held on July 17, 2019. (*Id.* ¶ 32.) After hearing testimony from both Cavalier and Bohler and reviewing security video from the Speedway café, a judge found Bohler not liable for disorderly conduct. (*Id.* ¶¶ 41, 43.)

## DISCUSSION

Summary judgment is appropriate if the admissible evidence considered as a whole shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law, even after all reasonable inferences are drawn in the non-movant's favor. *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 517 (7th Cir. 2011). Defendants' motion for partial summary judgment is directed toward three of the five Counts set forth in the operative Third Amended Complaint. In particular, Defendants contend that they are entitled to judgment as a matter of law on Cavalier's 42 U.S.C. § 1981 claim (Count I) and his Illinois-law breach of implied and express warranty claims (Counts IV and V).

6

I.     Section 1981

Cavalier claims that Defendants violated § 1981 because Bohler's conduct denied Cavalier the right to contract because of his race, African American. Under § 1981, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Normally, litigation under § 1981 "involves the right to make and enforce contracts of employment." *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). Nonetheless, the Seventh Circuit has recognized that a claim can arise in the retail context, such as where a customer is refused service. *Id.* To prevail on a § 1981 claim, a plaintiff must establish that "(1) they are members of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the making and enforcing of a contract)." *Id.*

Here, Defendants' motion for summary judgment focuses on the third element, as they contend that Cavalier was not denied service but instead chose not to enter a contract with Defendants when he rejected Bohler's offer to make him a new sandwich. The Seventh Circuit has recognized that a plaintiff cannot maintain a § 1981 claim when the plaintiff is the one responsible for terminating the transaction. *Bagley v. Ameritech Corp.*, 220 F.3d 518, 521–22 (7th Cir. 2000); *see also Mendez v. Pizza Hut of Am., Inc.*, No. 02 C 1819, 2002 WL 31236088, at *3 (N.D. Ill. Oct. 3, 2002) ("It is well settled that a plaintiff cannot maintain a section 1981 claim when the plaintiff was the party responsible for terminating the transaction."). "This is true even if the plaintiff left the establishment because of what they perceived to be racial animus." *Mendez*, 2002 WL 31236088, at *3. Instead, it is necessary for a plaintiff to show that he "was actually prevented, and not merely deterred, from making a purchase or receiving service after attempting

to do so." *Henderson v. Jewel Food Stores, Inc.*, No. 96 C 3666, 1996 WL 617165, at *3 (N.D. Ill. Oct. 23, 1996); *see also Morris*, 89 F.3d at 414 (finding that the plaintiffs failed to point to evidence showing that the defendant deprived them of the right to make and enforce a contract where "[t]hey were denied neither admittance nor service, nor were they asked to leave the store").

As a customer of the Speedway café, Cavalier was entitled under § 1981 to the full benefits of his contract with the cafe, which presumably includes a sandwich without an employee's spit in it. *See* 42 U.S.C. § 1981(b) (defining "make and enforce contracts" to include "the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship"); *see also McCaleb v. Pizza Hut of Am., Inc.*, 28 F. Supp. 2d 1043, 1048 (N.D. Ill. 1998) ("[D]efendant failed to provide plaintiffs the full benefits of the contract in that they failed to provide them with proper utensils with which to eat their pizza and created a disturbing atmosphere in which to eat."). Had Bohler refused to make Cavalier a new sandwich, he likely would have deprived Cavalier of an enumerated § 1981 right. However, after Cavalier confronted him, Bohler offered to make a new sandwich, thereby providing Cavalier with the full value of his purchase. Indeed, since the sandwich was offered for free, Cavalier would have received a greater value than the average customer. Cavalier understandably did not want a sandwich prepared by someone who had just spit in his original order. But the fact that Bohler would be preparing the new sandwich did not amount to a denial of service; it simply deterred Cavalier from agreeing to the transaction. For that reason, Defendants did not deny Cavalier the right to make and enforce a contract and they are entitled to summary judgment on the § 1981 claim.

## II. Breach of Implied Warranty

According to Cavalier, by attempting to serve Cavalier a sandwich with Bohler's spit in it, Defendants breached the implied warranty of merchantability. In Illinois, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." 810 ILCS 5/2-314. To prevail on a claim for breach of implied warranty of merchantability, a plaintiff must prove: "(1) a sale of goods (2) by a merchant of those goods, and (3) the goods were not of merchantable quality." *Brandt v. Boston Sci. Corp.*, 792 N.E.2d 296, 299 (Ill. 2003).

Defendants assert that Cavalier's implied warranty claim fails because Cavalier never paid for the sandwich and thus there was no sale of goods. A contract for sale giving rise to the implied warranty of merchantability includes "a present sale of goods" with "sale" meaning "the passing of title from the seller to the buyer for a price." 810 ILCS 5/2-106(1). Here, since Cavalier never paid for the sandwich and "title" never passed to him, there was no sale. Accordingly, his implied warranty claim fails and summary judgment is granted in favor of Defendants.

## III. Breach of Express Warranty

Finally, Cavalier argues that because Speedway advertised its sandwiches as "fresh," (PRDSF ¶ 10), it created an express warranty that Defendants breached by attempting to serve him a sandwich contaminated with another person's saliva. "In Illinois, an express warranty is created where (1) the seller makes an affirmation of fact or promise; (2) that relates to the goods; and (3) becomes part of the basis of the bargain between the parties." *CHS Acquisition Corp. v. Watson Coatings, Inc.*, No. 17-cv-4993, 2018 WL 3970137, at *3 (N.D. Ill. Aug. 20, 2018); *see also* 810 ILCS 5/2-313. However, "an express warranty is a creature of contract." *Collins Co. v. Carboline Co.*, 532 N.E.2d 834, 838 (Ill. 1988). Because there was no sale here, and thus no

9

contract was formed between Cavalier and Defendants, the express warranty claim must fail. *See Kmak v. Sorin Grp. Deutschland GmbH*, No. 17 CV 4759, 2017 WL 8199974, at *5 (N.D. Ill. Dec. 12, 2017) (dismissing breach of express warranty claim where the plaintiff did not allege that she bought anything from the defendant). Accordingly, Defendants are granted summary judgment on the breach of express warranty claim.

## CONCLUSION

For the foregoing reasons, Defendants' motion for partial summary judgment (Dkt. No. 33) is granted. Summary judgment is granted in Defendants' favor with respect to on Counts I, IV, and V of the Third Amended Complaint.

ENTERED:

Dated: March 28, 2022

_____
Andrea R. Wood
United States District Judge